UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff-Respondent,                 Case No. 11-20492

v.                                     Honorable Nancy G. Edmunds

OBIEL LUNA-SANTILLANES (D-1),

     Defendant-Petitioner.

_____/

### ORDER DENYING DEFENDANT-PETITIONER'S MOTION UNDER
### 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [129]

The matter is before the Court on Defendant-Petitioner Obiel Luna-Santillanes'

pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

(Dkts. 129, 134.)  The government opposes the motion.  (Dkt. 133.)  For the reasons set

forth below, the Court DENIES Defendant's § 2255 motion.

## I.    Background

On August 23, 2012,  a jury found Defendant guilty of seven of the eight counts

he was charged with in the second superseding indictment, including conspiracy to

distribute and to possess with intent to distribute heroin and cocaine in violation of 21

U.S.C. §§ 841(a)(1), 846; possession with intent to distribute cocaine—aiding and

abetting in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2; and possession of a firearm

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  (*See* dkts.

65, 90.)  On January 16, 2013, the Court sentenced Defendant to an aggregate

sentence of 180 months.  (Dkt. 99.)  The Sixth Circuit affirmed on direct appeal.  (Dkt.

114.)  On November 8, 2019, Defendant brought the instant motion.  (Dkt. 129.)

## II.    Standard of Review

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  To prevail on a § 2255 motion, the petitioner must allege:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III.    Analysis

Defendant argues he is entitled to relief, because the Supreme Court invalidated § 924(c)(3)'s residual clause as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  The government argues *Davis* is not applicable to this case.

Under § 924(c)(1)(A), it is a federal crime to possess a firearm in furtherance of "any crime of violence or drug trafficking crime."  The statute defines "drug trafficking crime" in § 924(c)(2) and "crime of violence" in § 924(c)(3).

Here, the offenses underlying Defendant's § 924(c) conviction—conspiracy to distribute and to possess with intent to distribute heroin and cocaine as charged in count one of the indictment and possession with intent to distribute cocaine as charged in count three—are drug trafficking crimes, not crimes of violence.  *See* § 924(c)(2) (defining a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act").  Therefore, the definitions of a "crime of violence" as set forth in §

924(c)(3) are wholly inapplicable to Defendant's conviction, and *Davis* has no impact on this case. Because Defendant is not entitled to relief, his § 2255 motion is denied.[1]

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings states that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

For the reasons stated in this opinion, the Court will deny Defendant a certificate of appealability because he has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter.

## V. Conclusion

Based upon the foregoing, it is ordered that Defendant's petition for post-conviction relief is DENIED WITH PREJUDICE. It is further ordered that a certificate of appealability is DENIED.

---

[1] To the extent Defendant argues he has made great strides to improve himself while incarcerated, this has no bearing on the issue of whether Defendant is entitled to relief pursuant to § 2255.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 12, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager