UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OBIEL LUNA-SANTILLANES (D-1),

    Defendant.

_____/

Case No. 11-20492

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE FROM CUSTODY [137]**

Defendant Obiel Luna-Santillanes is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Rivers Correctional Institution in North Carolina. The matter is before the Court on Defendant's motion for release from custody. (Dkt. 137.) The government opposes the motion. (Dkt. 139.) Defendant has filed a reply. (Dkt. 140.) The Court finds that the facts and legal arguments are adequately presented in the motion and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided without a hearing. For the reasons set forth below, the Court DENIES Defendant's motion without prejudice.

**I.    Background**

On August 23, 2012, a jury found Defendant guilty of seven of the eight counts he was charged with in a second superseding indictment: conspiracy to distribute and to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846; possession with intent to distribute cocaine—aiding and abetting in violation of § 841(a)(1), 18 U.S.C. § 2; possession of a firearm in furtherance of a drug

1

trafficking crime in violation of 18 U.S.C. § 924(c); and four counts of alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5).  (*See* dkts. 90, 99.)  On January 15, 2013, the Court sentenced Defendant to an aggregate sentence of 180 months of imprisonment.  (Dkt. 99.)  The Sixth Circuit affirmed on direct appeal, (dkt. 114), and this Court later denied a pro se motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255, (dkt. 135).  Defendant's projected release date is May 12, 2024.

Defendant, through counsel, now moves for his release due to the health concerns associated with the COVID-19 pandemic.  He states that he is remorseful, has been a model inmate, and has completed his GED and taken advantage of other educational opportunities while in prison.  Defendant also states that if he is released, he will reside with his family in either California or Mexico depending on how his immigration issues will be resolved.  Defendant includes with his motion a number of letters of support from family and friends, indicating they too are worried about Defendant's risk of exposure to COVID-19 while incarcerated and believe he is remorseful.  (Dkt. 137-1.)

**II.     Analysis**

Defendant requests this Court reduce his term of imprisonment to time served and convert the remainder of his sentence to a term of supervised release with a condition of home confinement under 18 U.S.C. § 3582(c)(1)(A).  Alternatively, Defendant asks this Court to recommend that the BOP transfer him to home confinement pursuant to the Second Chance Act and the Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act).

### A. Request for Sentence Reduction

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction; . . .
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government argues that Defendant's request for a sentence reduction must be denied because Defendant has not exhausted his administrative remedies. Defendant does not dispute that he has not satisfied the exhaustion requirement but argues that the Court may excuse this requirement in light of the COVID-19 pandemic. The Sixth Circuit Court of Appeals, however, has rejected this argument and held that the exhaustion requirement is mandatory. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Because the government has objected to Defendant's failure to exhaust, the Court must enforce this requirement. *See id.* Thus, Defendant's motion is denied without prejudice. *See id.* at 836. But even if Defendant had exhausted his

3

administrative remedies, he has not shown there are extraordinary and compelling reasons warranting a sentence reduction.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release: (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D) a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as the catch-all provision. See U.S.S.G. § 1B1.13, commentary n.1.

Defendant is only 28 years old and does not point to any medical condition or other circumstances that would arguably fall within any of these categories. And while Defendant discusses the health concerns stemming from the COVID-19 pandemic, Defendant's risk of contracting the virus is the same as any other inmate in federal custody. Defendant does not fall within the category of individuals who face a heightened risk of severe illness if they do contract the virus that has been found to constitute extraordinary and compelling circumstances in other cases. See, e.g., United States v. Rahim, No. 16-20433, 2020 U.S. Dist. LEXIS 89355, at *7 (E.D. Mich. May 21, 2020). Thus, Defendant has not demonstrated he is eligible for a sentence reduction.[1]

---

[1] Even if there were extraordinary and compelling circumstances in this case, the analysis would not end there. Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Moreover, the Court would be required to consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. See § 3582(c)(1)(A). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. See § 3553(a). The Court need not reach these

B. **Request for Judicial Recommendation**

Under the Second Chance Act, the BOP may place prisoners in a residential reentry center or home confinement during the final months of their terms of imprisonment to prepare them for reentry into the community. See 18 U.S.C. § 3624(c). The BOP makes its placement determination based on the factors set forth in 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3624(c)(4); *Sacora v. Thomas*, 628 F.3d 1059, 1067 (9th Cir. 2010). One of the factors to be considered is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." § 3621(b)(4). There is disagreement among courts over whether a court has the authority to make a recommendation after it enters judgment. *See Carter v. United States*, No. 17-C-1325, 2018 U.S. Dist. LEXIS 87310, at *3-5 (E.D. Wis. May 24, 2018) (listing cases). Regardless of its timing, the Court's recommendation does not have a binding effect on the BOP, which "has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' . . . ." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting § 3621(b)). And while the CARES Act allows the BOP to lengthen the maximum amount of time for which it is authorized to place a prisoner in home confinement under the Second Chance Act, CARES Act § 12003(b)(2), that authority "remains squarely allocated to the BOP," *see United States v. Mitchell*, No. 4:13-cr-20468, 2020 U.S. Dist. LEXIS 123327, at *16 (E.D. Mich. July 14, 2020) (internal quotation marks and citations omitted).

---

issues where Defendant has failed to exhaust his administrative remedies and has not shown extraordinary and compelling reasons warranting a sentence reduction.

The Court commends Defendant for the work he states he has done to improve himself. The Court notes, however, that Defendant has not provided documentary evidence of his clean disciplinary record or the courses he has completed while in prison. Moreover, the BOP is better equipped to evaluate whether Defendant should be placed in home confinement in light of the new circumstances surrounding the pandemic. Thus, Defendant's request for a judicial recommendation is denied without prejudice.

### III. Conclusion

Based upon the foregoing, Defendant's motion is DENIED without prejudice.

SO ORDERED.

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: July 24, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 24, 2020, by electronic and/or ordinary mail.

                    s/Lisa Bartlett
                    Case Manager